### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BRAMAN, MARK MENDELSON, and JOHN SIMMS, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | No. 14 CV 2646 |
| - v – | ) ) | Hon. John R. Blakey |
| THE CME GROUP, INC., THE BOARD OF TRADE OF THE CITY OF CHICAGO, THE CME EXCHANGE, INC., TERRENCE A. DUFFY, PHUPINDER GILL, BRYAN DURKIN and ANITA LISKEY, | ) ) ) ) ) ) ) | |
| *Defendants.* | ) ) ) | |

### REASSIGNMENT JOINT STATUS REPORT

Pursuant to the Court's January 23, 2015 Order, Plaintiffs William C. Braman, Mark

Mendelson, and John Simms, individually and on behalf of all others similarly situated

("Plaintiffs"), and Defendants CME Group, Inc., the Board of Trade of the City of Chicago, Inc.,

Chicago Mercantile Exchange, Inc., Terrence A. Duffy, Phupinder Gill, Bryan Durkin and Anita

Liskey ("Defendants") submit this Reassignment Joint Status Report.

## I. Nature of the Case

A. *Identify the attorneys of record for each party.*

<u>Response</u>:  Plaintiffs are represented by:

> R. Tamara de Silva
> Law Offices of R. Tamara de Silva
> 980 N. Michigan Avenue, Suite 1400
> Chicago, Illinois 60611
>
> Christopher Lovell
> Robert W. Rodriguez
> Victor E. Stewart
> Lovell Stewart Halebian Jacobson LLP
> 61 Broadway, Suite 501
> New York, New York 10006

Defendants are represented by:

> Albert L. Hogan III
> Jerrold E. Salzman
> Marcella L. Lape
> Emily A. Reitmeier
> Skadden, Arps, Slate, Meagher & Flom LLP
> 155 N. Wacker Dr. Suite 2700
> Chicago, Illinois 60606

B. *State the basis for federal jurisdiction.*

<u>Response</u>:  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. Plaintiffs assert claims under the Commodity Exchange Act ("CEA"), 7 U.S.C. §1 et seq. and the Sherman Antitrust Act (the "Sherman Act"), 15 U.S.C. §§ 1-7.

C. *Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third party claims.*

<u>Response</u>:  Plaintiffs assert claims under the CEA for manipulation, false reporting, failure to enforce rules relating to market and financial integrity and stability, and aiding and abetting manipulation; under Sections 1 and 2 of the Sherman Act; and for common law fraud and unjust enrichment based on allegations that the Defendants provided high frequency traders with preferential access to the futures markets and failed to disclose this fact to other market participants.  No counterclaims or third party claims have been asserted.

2

D. *Describe the relief sought by the plaintiffs.*

Response:  Plaintiffs' Second Amended Complaint seeks the following relief:

i) A determination that the action is a proper class action as to all claims alleged, appointment of Plaintiffs' counsel as counsel for the class, and certification of the named Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

ii) An award of compensatory damages, including interest, in favor of Plaintiffs and the other members of the Plaintiff Class against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

iii) An award of treble damages on claims brought under the provisions of the federal antitrust laws;

iv) An award of equitable restitution of investors' monies of which they were defrauded and  disgorgement and/or the imposition of a constructive trust on Defendants' ill-gotten gains;

v) An award of forfeiture in favor of the Plaintiff Class against all Defendants for all illicit fees, commissions and any other compensation paid by Plaintiffs and Plaintiff Class members;

vi) An award of equitable and/or injunctive relief pursuant to 28 U.S.C. §2201(a) in favor of the Plaintiff Class against  Defendants and their counsel, agents and all persons acting under, in concert with, or for them, including:  (i) an accounting of and the imposition of a constructive trust and/or an asset freeze on Defendants' illicit profits from the conduct detailed herein; (ii) prohibiting HFT traders from engaging in preferential order placement, electronic front-running, rebate arbitrage, slow-market arbitrage, spamming, spoofing, and/or quote spamming on the Defendants' exchanges; (iii) prohibiting Defendants from charging fees for Defendants' real-time futures market data and refunding fees paid by the Plaintiffs and the Class; and (iv) prohibiting Defendants from allowing HFTs to execute trades based on the non-public order information of the Plaintiffs and the Class; and

vii) An award of such other relief as this Court may deem just and proper.

E. *List the names of any parties who have not yet been served.*

Response:  All parties have been served.

**II.    Discovery and Pending Motions**

A. *Briefly describe all pending motions, including the date the motion was filed and the briefing schedule. State whether any of the pending motions have been mooted, no longer require a ruling for any other reason, or have been ruled upon yet still have a "pending" status on the docket.*

Response:

i)      Defendants filed a Motion to Dismiss the Amended Complaint on May 30, 2014.  The Court subsequently set a briefing schedule on  June 12, 2014. On June 26, 2014, Plaintiffs filed a motion for leave to file a Second Amended Complaint in lieu of responding to Defendant's Motion to Dismiss, which the Court granted on July 1, 2014.

ii)     Defendants filed a Motion to Dismiss the Second Amended Complaint on September 12, 2014.  Plaintiffs filed their Opposition Brief on October 30, 2014, and a corrected copy of their Opposition Brief on October 31, 2014. Defendants filed their Reply Brief on December 10, 2014.  On November 24, 2014, the Court entered a minute entry indicating its intent to rule on the Motion by mail.

iii)    On January 15, 2015 (before the Executive Committee Order was circulated to the Parties), counsel for Plaintiffs contacted Defendants' counsel to request consent to Plaintiffs' filing a Third Amended Complaint.  On January 20, 2015, Defendants responded that it was highly unlikely that they would consent, but would consider any reasons for the amended complaint that Plaintiffs wished to share.  Plaintiffs have not yet provided Defendants with grounds for seeking leave to file a Third Amended Complaint.

iv)     On the first permissible date after the Reassignment Status Conference, Plaintiffs intend to seek this Court's permission, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to file a Third Amended Complaint, and will also move for leave to file a Sur-Reply to Defendants' Reply Brief in support of their Motion to Dismiss the Second Amended Complaint.

v)      Plaintiffs believe that they have good grounds for such motions, and are prepared to present their arguments either by submitting their motions or by otherwise presenting their arguments before the Court. Plaintiffs assert that they have contemplated these motions for many weeks, and the motions have been ready for filing since before the Executive Committee Order made public on June 15, 2015 directing further activity in this case.

     vi)     Defendants do not believe that either of Plaintiffs' planned motions has merit and intend to oppose both Plaintiffs' request for leave to file a Third Amended Complaint and request to file a Sur-Reply. Defendants further reserve their rights to recover costs and fees associated with briefing the prior Motions to Dismiss.

B. *Briefly describe all discovery that the parties have conducted, any discovery that remains, and discovery schedules that have been set, and whether the parties anticipate that they will complete discovery according to the current deadlines.*

Response: The parties have not conducted any discovery, and no discovery schedules have been set. At the June 12, 2014 initial status hearing, the Court determined that discovery should not commence until after the Court ruled on Defendants' Motion to Dismiss.

C. *Briefly summarize all substantive rulings in the case.*

Response: The Court has not yet made any substantive rulings in the case.

## III. Trial

A. *State whether there has been a jury demand.*

Response: Plaintiffs have made a jury demand.

B. *State whether a trial date has been set; if not, provide the date by which the parties anticipate being ready for trial.*

Response: No trial date has been set and no scheduling order has been established. The parties are unable to currently provide an anticipated trial-ready date.

C. *State whether a final pretrial order has been filed; if not, state whether there is a deadline for filing such an order.*

Response: No final pretrial order has been filed, nor has the Court established a deadline for filing such an order.

D. *Estimate the length of trial.*

Response: The Parties estimate that if all of Plaintiffs' claims survive the pending Motion to Dismiss, a jury trial on such claims could take three to four weeks.

## IV. Settlement and Referrals

A. *State whether any settlement discussions have occurred and the status of any settlement discussions. (Do not provide the particulars of any demands or offers that have been made.)*

Response:  There have been no settlement discussions to date.

B. *State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.*

Response:  The parties do not request a settlement conference at this time.

C. *Indicate whether there is an open referral to the assigned Magistrate Judge and, if so, the scope of the referral.  Also indicate whether the parties unanimously consent to proceed before the assigned Magistrate Judge. The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.*

Response:  There are no open referrals to the assigned Magistrate Judge.


Dated: February 2, 2015
Chicago, Illinois


Respectfully submitted:

/**s**/ R. Tamara de Silva
R. Tamara de Silva
LAW OFFICES OF R. TAMARA DE SILVA
980 N. Michigan Avenue, Suite 1400
Chicago, Illinois 60611
(312) 265-3256
rtamaradesilva@uchicago.edu

Christopher Lovell
Victor E. Stewart
Robert W. Rodriguez
LOVELL STEWART HALEBIAN
   JACOBSON LLP
61 Broadway, Suite 501
New York, New York 10006

*Counsel for Plaintiffs*

Respectfully submitted:

/s/Marcella L. Lape
Albert L. Hogan III
Jerrold E. Salzman
Marcella L. Lape
Emily A. Reitmeier
SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

*Counsel for Defendants*