UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM C. BRAMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 14 C 2646 |
| | ) |
| v. | ) |
| | ) Judge John Robert Blakey |
| THE CME GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

The case is before the Court on plaintiffs' motion for leave to file a Third Amended and Supplemental Complaint [80]. Plaintiffs argue that the amendment allows them to add "new, material facts which provide further factual support for their existing claims and allegations of wrongful behavior by Defendants," and "does not contain any new causes of action." Motion [80], ¶¶1, 4. They argue that the amendment will cause no material delay or undue prejudice to Defendants. *Id.*, ¶4. The defendants oppose the motion.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Leave may appropriately be denied, however, where there is "undue delay, bad faith, dilatory motive, prejudice, or futility." *E.g., Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Initially, the proposed amended complaint does allege new claims: it adds a claim for manipulation and/or false reporting in violation of the CEA, 7 U.S.C. §§9(1)(A) and 6b; and it adds a claim for violation of §25(a) of the

CEA. It also alters the antitrust claims and expands the class period by more than a year. Additionally, the proposed amendment would cause undue delay and prejudice defendants.

On September 12, 2014, defendants moved to dismiss the Second Amended Complaint. Plaintiffs opposed the motion and defendants filed a reply. The motion was fully briefed as of December 10, 2014. At least some of the "important facts and information from news reports and other sources" upon which the current amendment is purportedly based were (or could have been) known during the time when the motion to dismiss was being briefed. Yet plaintiffs elected to oppose the motion to dismiss, rather than seeking amendment at that time. As a practical matter, plaintiffs' decision to wait to seek amendment forced the defendants to incur significant costs briefing a motion that will be made moot by the amendment plaintiffs now seek. Defendants spent time and money preparing and filing a 29-page reply brief in support of their motion to dismiss, which would not have been necessary if plaintiffs had sought to amend their complaint then. Plaintiffs compounded the delay by waiting almost five months before seeking leave to amend. Plaintiffs indicated in February 2015 that they planned to seek amendment. When they still had not filed a motion two months later, the Court set a firm deadline for them to do so. Having now seen the bases for the motion, the Court finds that amendment under the circumstances is not appropriate.

Plaintiffs' motion for leave to file a Third Amended and Supplemental Complaint [80] is denied. The May 28, 2015 Notice of Motion date is stricken, as is

the status hearing set for that day; the parties need not appear. The Court will rule on the motion to dismiss the Second Amended Complaint by mail.

Date: May 26, 2015

                                      ENTERED:

                                      _____
                                      John Robert Blakey
                                      United States District Judge