## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1
### Eastern Division

William C. Braman, et al.

$\qquad$ Plaintiff,

v.

Case No.: 1:14−cv−02646

Honorable John Robert Blakey

The Board of Trade of the City of Chicago, et al.

$\qquad$ Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 29, 2016:

MINUTE entry before the Honorable John Robert Blakey: On December 3, 2015, this Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss [93]. On March 2, 2016, Defendants moved for fees [94]. Generally, absent a statute or contractual provision, a successful litigant must bear the burden of his or her own attorney's fees. Fednav Int'l Ltd. v. Cont'l Ins. Co., 624 F.3d 834, 839 (7th Cir. 2010); Zippysack LLC v. Ontel Prod. Corp., No. 16 C 757, 2016 WL 1569463, at *5 (N.D. Ill. Apr. 19, 2016). Defendants bear the burden of establishing their entitlement to an award of fees. E.g., Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Here, Defendants argue that the general rule does not apply because the CBOTs Charter, Bylaws, Rules and Regulations includes a fee−shifting provision requiring Plaintiffs to reimburse Defendants for their costs of defense. The Court rejects Defendants argument for two reasons. First, the fee−shifting provision is not enforceable against all Plaintiffs. "Contracts bind only the parties." Gotham Holdings, LP v. Health Grades, Inc., 580 F.3d 664, 665 (7th Cir. 2009). The parties agree that Plaintiff Braman was not a signatory to the CBOT's Charter when this lawsuit was filed, and the fee−shifting provision is, therefore, not enforceable against Braman. Second, the fee−shifting provision requires reimbursement only for defense costs incurred by the CBOT; it says nothing about reimbursing fees incurred by CME Group. And, here, the bills submitted by counsel show that the fees sought in Defendants motion were billed toand paid byCME Group. Defendants do not explain why CME Group should be entitled to recover fees under the CBOT's Charter. Nor do the bills apportion fees or tasks amongst the various defendants, making it impossible, on the record before the Court, to determine what fees would be reimbursable under the CBOT's Charter. To the extent that determination could be made through an evidentiary hearing or further briefing, the Court declines to open the door to such proceedings. See Hensley, 461 U.S. at 437 (a "request for attorney's fees should not result in a second major litigation"). Defendants&#039; motion for fees [94] is denied. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.